UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-60675-VALLE

**CONSENT CASE**

MERLANDE WAUCHOPE, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

v.

AILEEN DANKO, M.D., LLC d/b/a
KIDS' CHOICE PEDIATRIC ORTHOPEDICS,

    Defendant.
_____/

**ORDER APPROVING SETTLEMENT
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (the "Joint Motion") (ECF No. 35). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 32, 33, and 34).

This is a Fair Labor Standards Act ("FLSA")[1] case in which Plaintiff has sued Defendant to recover alleged unpaid overtime compensation. *See* (ECF No. 1). On August 24, 2015, the parties filed their Joint Motion seeking the Court's approval of their Confidential Settlement Agreement under 29 U.S.C. § 216(b). (ECF No. 35).

Before a court may approve a settlement of FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

---

[1] 29 U.S.C. §§ 201 *et seq.*

1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

    Here, the parties have submitted a Confidential Settlement Agreement and Release to the Court for review. In scrutinizing the Confidential Settlement Agreement, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court has also considered that Plaintiff's claim was disputed as to liability and amount and that both parties were represented by counsel. Lastly, the Confidential Settlement Agreement specifies the portion of the settlement amount that is designated for wages, liquidated damages, and attorney's fees and costs. Accordingly, the Court finds that the Confidential Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

    In addition, the Court has reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.

App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     The parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (ECF No. 35) is **GRANTED**, the parties' Confidential Settlement Agreement and Release is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2)     The Court retains jurisdiction for 60 days to enforce the terms of the Confidential Settlement Agreement.

(3)     The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on August 25, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record